BESSIE M. MURPHY, Appellant, *v.* BERTHA A. TWEEDLE, Respondent.

Fourth Department, January 3, 1917.

Contract — real property — conveyance by father to daughters in consideration of home and board, construed — right of daughter who cared for father under said deed to contribution — effect of prior action in partition.

The owner of a two-family house being in failing health and residing with his daughter and her husband in the second flat, under an arrangement by which they, in lieu of rent, furnished him board and lodging, con-

veyed the property to this daughter and another daughter as tenants in common by a quit-claim deed, containing a provision that "This conveyance is also made subject to the understanding that the parties of the second part are to provide during the lifetime of the said party of the first part for home and board for said first party." Thereafter the daughter continued to occupy the same part of the house, and her father continued to reside with her until the time of his death, and being in failing health required and received from her more care and attention, and had special food prepared for him.

*Held,* that, under the provision of the deed, the daughter who took care of her father, although not entitled to make a profit, should be compensated, not only for the expense incurred in money, but for the value of her services in cooking and serving meals and in other work which she did to make a home for the father, in addition to what she did for the other members of her family.

She should be compensated, not so much on the theory that she thereby discharged a lien on the property, as that she furnished all the consideration which both daughters had contracted to pay.

A judgment in a partition action in which the property had been sold and the proceeds divided between the daughters, is not a bar to an action by the daughter who cared for her father to secure contribution from her sister.

APPEAL by the plaintiff, Bessie M. Murphy, from an order of the Supreme Court, made at the Monroe Trial Term and entered in the office of the clerk of the county of Monroe on the 6th day of March, 1916, vacating and setting aside the verdict of a jury in plaintiff's favor for $700, and directing a new trial.

*George S. Van Schaick,* for the appellant.

*Charles E. Bostwick* [*Hugh J. O'Brien* of counsel], for the respondent.

FOOTE, J.:

The action was brought to recover the sum of $1,017.50, being one-half the expense alleged to have been incurred by plaintiff in furnishing a home and board to Edwin F. Sergisson, the father of both plaintiff and defendant, from September 7, 1910, to the time of the death of said Sergisson on June 15, 1914.

Prior to September 7, 1910, said Sergisson was the owner of

a double or two-family house on Parsells avenue in the city of Rochester. On that day he conveyed the same to plaintiff and defendant, his two daughters, as tenants in common by quitclaim deed, subject to an existing mortgage thereon which by the deed the grantees assumed and agreed to pay. The deed also contained this clause: "This conveyance is also made subject to the understanding that the parties of the second part are to provide during the lifetime of the said party of the first part for home and board for said first party." At the time this deed was made plaintiff was occupying one part of this double house as her home with her husband and her father was residing with her under an arrangement by which plaintiff and her husband paid no rent but furnished to plaintiff's father his board and lodging in lieu thereof and without other expense to him. After the making of the deed plaintiff continued to occupy the same part of the house as before, and her father continued to reside with her as before to the time of his death. The father was in failing health at the time the deed was made, and thereafter required and received from plaintiff more care and attention and had special food prepared for him different from that of the rest of the family.

There was no agreement or understanding between plaintiff and defendant for the occupation of the house by plaintiff and her family after the deed was made, or for the maintenance at the house of the father of the parties by plaintiff, but there was evidence of the attorney who drew the deed for the father that at the time the deed was made plaintiff stated her willingness to continue the same arrangement, whereby for the rent she would furnish a home and board for her father. Plaintiff, however, denied making such statement. There was also a dispute as to whether defendant was aware, prior to her father's death, of the clause in the deed for furnishing a home and board to the father, defendant testifying that she had no knowledge of it until after her father's death, and plaintiff testifying that defendant saw the deed a short time after it was made and recorded.

After the death of the father plaintiff brought an action against defendant for partition of the premises conveyed by

said deed, and the premises were sold in that action, and plaintiff and defendant each received the sum of $660 as the proceeds of the sale above incumbrances.

Thereafter plaintiff brought this action, alleging that she had performed services and incurred expense in providing a home and board for the father of the parties in accordance with the terms of said deed, to the amount and reasonable value of $3,000; that the reasonable rental value of the half of the house occupied by her was $5 per week, amounting to $965, to be deducted, leaving $2,035 as the value of the home and board furnished by plaintiff, one-half of which, or $1,017.50, she sought to recover of defendant.

Plaintiff proved by witnesses that the value of the board of her father was ten dollars per week, and the value of her care, nursing and attention ten dollars per week, but plaintiff did not give any proof of the amount she expended for board or otherwise. The learned trial judge held, and I think correctly, that the home and board provided for in the deed "means something reasonably sufficient for a man in his circumstances and situation," and that "a home" means more than merely three meals a day and a place to sleep. The jury were instructed in effect that plaintiff could not recover more than one-half of such services and expenses as were performed and incurred in fulfilling the obligation of the two sisters to furnish their father with a home and board in accordance with the intent and meaning of the clause in the deed on that subject.

On the motion to set aside the verdict and for a new trial the learned trial judge said: "There is very forceful evidence to the effect that the plaintiff was to support her father for the rent of the house which she had free after this deed *. * *. It seems to me repugnant to the principles of natural equity' and justice that plaintiff should now recover more than the actual expenses incurred by her in the care and maintenance of her father. The amount of this does not appear in the evidence. She claims her services were worth $20.00 per week, including board and room. There was no implied contract that defendant should pay a profit to plaintiff by reason of the provision in the deed. * * * I think the verdict was

against the weight of evidence and contrary to the principles on which contribution is founded." The order setting aside the verdict states that it is set aside "as contrary to the law and the facts." The ground upon which the learned trial judge considered the verdict as contrary to law is that it includes something for the value of plaintiff's personal services to her father in furnishing him a home and the care and attention that he needed in his home in view of the condition of his health.

I think the first impression of the trial judge that "home and board" as used in the deed means "something reasonably sufficient for a man in his circumstances and situation" is correct, and that it involved not only furnishing three meals per day and a place to sleep, but such care, attention and services of his daughter as he might reasonably expect in his home to receive from the person who was furnishing him a home under a contract to do so and for a sufficient consideration. This was the obligation that these daughters had assumed in consideration of the deed to them. It is not like the case of personal services performed by one tenant in common upon the common property where there was no contract to do so. The fair meaning of the contract is that the father was entitled to receive in addition to his meals such care and service as he would need at his home to supply his wants and to make him comfortable. As plaintiff furnished this care and thus relieved defendant from furnishing her share, plaintiff should be compensated, not so much on the theory that she thereby discharged a lien on the lands as that she furnished all the consideration which both had contracted to pay for the land. It is quite true that plaintiff is not entitled to make a profit from the board and care of her father, but I think she is entitled to be made good not only for the expense she incurred in money but for the money value of her services in cooking and serving his meals, and in the other work which she did to make a home for her father, in addition to what she did for the other members of her family. To furnish board requires not only that food be supplied but that it be cooked and served. I think these services were part of the contract. In the absence of a contract such services as plaintiff rendered might be gratuitous, but under

the contract in this case I think plaintiff is in the same position as if she and her sister had made a similar contract to furnish a home to a stranger.

It is urged by defendant that plaintiff was entitled to a lien upon the land for her claim which should have been asserted in the partition action, and that not having been so asserted the judgment in that action is a bar to recovery here. No doubt the partition judgment destroyed any lien which plaintiff may have had upon the land, but I think it did not affect plaintiff's right to contribution from her sister under the terms of the contract contained in the deed. Both were obligated to furnish the home and board. It has been furnished by plaintiff alone. The right of contribution is not dependent upon the existence of a lien in plaintiff's favor upon the land.

I find no error of law in the rulings of the trial judge at the trial. The verdict has also been set aside as against the weight of evidence upon the questions of fact involved. In view of the testimony as to plaintiff's alleged agreement at the time the deed was made to take care of her father for the rent of the part of the house which she occupied and of the fact that the value of the board and services furnished by plaintiff as testified to by plaintiff's witnesses appears to have included the customary profit which is made by persons in the business of keeping boarders and of nursing, I cannot say that the trial judge was not justified in setting aside the verdict on that ground. Accordingly, I think we should affirm the order to the end that a new trial of these questions of fact may be had.

The order should be affirmed, with costs to the respondent.

All concurred.

Order affirmed, with costs.